The document below is hereby signed.

Signed: April 25, 2013



_S. Martin Teel, Jr._
_United States Bankruptcy Judge_

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

In re                              )
                                   )
JOHN CLINTON BRINKLEY and          )   Case No. 13-00082
JOANN BRINKLEY,                    )   (Chapter 7)
                                   )   For Publication in West's
            Debtors.               )   Bankruptcy Reporter

MEMORANDUM DECISION AND ORDER RE REAFFIRMATION AGREEMENT

The debtors have filed a proposed reaffirmation agreement with Capital One, N.A.–Best Buy Co., Inc.  There is a presumption of undue hardship and the debtors checked the box on the reaffirmation agreement stating as much.  The reaffirmation agreement sets forth that the debtors were represented by an attorney during the course of negotiating the agreement.

Part IV of the agreement, the "Certification by Debtor's Attorney (If Any)," includes a second paragraph that is applicable here because the presumption of undue hardship arises.  That paragraph states:

> A  presumption  of  undue  hardship  has  been  established
> with   respect   to   this   agreement.    In   my   opinion,

>however, the debtor is able to make the required payment.

The debtors' attorney did not check the box next to this statement and therefore has not certified that, in his opinion, the debtors are able to make the required payment.

A reaffirmation agreement is enforceable only if all of the requirements of § 524(c) are complied with, including that "the debtor received the disclosures described in subsection (k) at or before the time at which the debtor signed the agreement[.]" 11 U.S.C. § 524(c)(2). Section 524(k)(1) lists the disclosures that are required under § 524(c)(2). One of the required disclosures is that if the presumption of undue hardship has arisen, then the Certification by Debtor's Attorney "shall state that, in the opinion of the attorney, the debtor is able to make the payment." 11 U.S.C. § 524(k)(5)(B).

The reaffirmation agreement filed by the debtors is unenforceable because the debtors' attorney did not certify that, in his opinion, the debtors are able to make the payments despite the presumption of undue hardship having arisen. *See In re Vaughn*, 2009 WL 1474100, at *3 (Bankr. D. Idaho May 27, 2009) ("[W]ithout an appropriate § 524(k)(5)(B) certification by counsel on Part C, there could be no approval by this Court."); *In re Rivas*, 2008 WL 597893 (Bankr. E.D.Va. Mar. 3, 2008); *In re Gonzalez*, 2008 WL 376266 (Bankr. E.D.Va. Feb. 11, 2008). That

an attorney represented the debtors in negotiating the agreement does not require the attorney to certify under § 524(k)(5)(B) that the debtors are able to make the payments when the attorney believes they cannot be made. Indeed, the attorney has an obligation not to make a false declaration.

Accordingly, a hearing pursuant to § 524(m) to address the presumption of undue hardship would be an empty exercise, because the agreement is unenforceable. Moreover, as to future reaffirmation agreements filed in cases in this court, when the presumption of undue hardship is established and the attorney does not check the box certifying that, in the attorney's opinion, the debtor is able to make the required payments, the court will view such reaffirmation agreements as unenforceable, and as thus making a § 524(m) hearing unnecessary.

It is thus

ORDERED that no hearing will be held on the reaffirmation agreement (Dkt. No. 15).

[Signed and dated above.]

Copies to: Recipients of e-notification of orders;

Capital One, N.A.-Best Buy Co., Inc.
c/o Bass & Associates, P.C.
3936 E. Ft. Lowell, Ste. 200
Tucson, AZ 85712